IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN ) <br> INSURANCE COMPANY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CARLTON TAYLOR and ) <br> JONATHAN TAYLOR, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. <br><br> _____ |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW, Progressive Mountain Insurance Company ("Progressive"), and files this its Petition for Declaratory Judgment. Petitioner asks this Court to declare the rights and legal relations of the parties herein. In support thereof, Petitioner respectfully shows the Court as follows:

This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between Progressive and the Respondents in regard to the parties' respective rights and obligations under a policy of insurance issued by Progressive in relation to the claims for bodily injury arising from a motor vehicle accident that took place in Thomas County, Georgia.

1

## PARTIES

1.

Petitioner Progressive is incorporated in the State of Ohio with its principal place of business in Mayfield Village, Ohio. Progressive is authorized to conduct business in the State of Georgia.

2.

Respondent Carlton Taylor is a resident and citizen of the State of Georgia. He may be served by delivering Summons and a copy of the Petition to his last-known address, 104 Griners Lane, Nashville, Georgia 31639.

3.

Respondent Jonathan Taylor is a resident and citizen of the State of Georgia. He may be served by delivering Summons and a copy of the Petition to his last-known address, 104 Griners Lane, Nashville, Georgia 31639.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among Petitioner and all Respondents.

5.

On January 18, 2023, counsel for Respondent Carlton Taylor submitted to Progressive a settlement demand in which Carlton Taylor demanded the amount of $100,000.00 in settlement of his purported bodily injury claims against Respondent Taylor.  (A true and accurate copy of the January 18, 2023 demand is attached hereto as Exhibit "A.")

6.

Based on the January 18, 2023 demand, the amount in controversy exceeds this Court's jurisdictional limit of $75,000.00.

7.

This Court further has jurisdiction pursuant to 28 U.S.C. § 2201 because Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an automobile insurance coverage policy delivered to its insured, Respondent Jonathan Taylor.

8.

This Court is vested with the power to declare the rights and obligations of the parties hereto and to provide such other relief as may be necessary, pursuant to 28 U.S.C. § 2201.

9.

Venue is laid in this district pursuant to 28 U.S.C. § 1391 by virtue of the fact that Respondents reside in Berrien County, Georgia.

## PRELIMINARY ALLEGATIONS

## Subject Accident and Underlying Lawsuit

10.

Upon information and belief, on October 28, 2021, Respondent Jonathan Taylor was driving a 2011 Chevrolet Silverado on State Route 300 North in Thomas County, Georgia, when he allegedly struck the rear of another vehicle (the "subject accident").

11.

At the time of the subject accident, Respondent Carlton Taylor was a passenger in the vehicle being operated by Respondent Jonathan Taylor.

12.

At the time of the subject accident, Respondent Carlton Taylor was an employee of Respondent Jonathan Taylor.

13.

At the time of the subject accident, Respondent Carlton Taylor was acting within the course and scope of his employment with Respondent Jonathan Taylor.

14.

Respondent Carlton Taylor alleges that Respondent Jonathan Taylor negligently caused the subject accident.

15.

Respondent Carlton Taylor alleges that he sustained bodily injury as a result of the subject accident.

## **Subject Policy**

16.

At the time of the subject accident, Respondent Jonathan Taylor was the named insured on Progressive Policy No. 946687086, with effective dates of coverage from February 26, 2021 through February 26, 2022 ("Policy"). (A certified copy of the Policy is attached hereto as Exhibit "B.")

17.

The Policy provided bodily injury liability coverage in a combined single limit of $100,000.00, subject to all terms and conditions of the Policy.

18.

The Policy states, in pertinent part:

**PART I—LIABILITY TO OTHERS**

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the limits of liability, if **you** pay the premium for liability coverage, **we** will pay damages for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**.[1]

. . . .

**EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

. . . .

3. **Worker's Compensation**
   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

. . . .

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a.  An employee of any **insured** arising out of or within the course of:
       (i)   That employee's employment by any **insured**; or
       (ii)  Performing duties related to the conduct of any **insured's** business; or
   b.  The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

   This exclusion applies:
   a.  Whether the **insured** may be liable as an employer or in any other capacity; and
   b.  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to **bodily injury** to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**.  For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow Employee**
   **Bodily injury** to:
   a.  a fellow employee of an insured injured while within the course of their employment or while performing duties related to the conduct of your business.
   b.  the spouse, child, parent, brother, or sister of that fellow employee as a consequence of Paragraph a. above.

---

[1] As amended by the Georgia Amendatory Endorsement.

. . . .

## Carlton Taylor Demand

19.

On or about January 18, 2023, counsel for Respondent Carlton Taylor submitted to Progressive a settlement demand.

20.

Counsel, on behalf of Carlton Taylor, demanded the amount of $100,000.00 in settlement of Carlton Taylor's alleged claims against Respondent Jonathan Taylor.

## DECLARATORY JUDGMENT

## Count I – Worker's Compensation Exclusion

21.

Progressive incorporates by reference the allegations contained in Paragraphs 1 through 20 as though set forth fully herein.

22.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

23.

The Policy explicitly excludes coverage for "[a]ny obligation for which an insured or an insurer of that insured, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law."

24.

At the time of the subject accident, Carlton Taylor was within the course and scope of his employment with Jonathan Taylor.

25.

Carlton Taylor's alleged injuries and damages arose within the course of his employment with Jonathan Taylor.

26.

Accordingly, the plain and unambiguous terms of the Policy exclude coverage for any claims brought by Carlton Taylor arising from the subject accident.

### Count II – Employer's Liability Exclusion

27.

Progressive incorporates by reference the allegations contained in Paragraphs 1 through 26 as though set forth fully herein.

28.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

29.

The Policy explicitly excludes coverage for bodily injury to "[a]n employee of any insured arising out of or within the course of […] [t]hat employee's employment by any insured; or […] [p]erforming duties related to the conduct of any insured's business. . . ."

30.

At the time of the subject accident, Carlton Taylor was within the course and scope of his employment with Jonathan Taylor.

31.

Carlton Taylor's alleged injuries and damages arose out of his employment with Jonathan Taylor.

32.

Accordingly, the plain and unambiguous terms of the Policy exclude coverage for any claims brought by Carlton Taylor arising from the subject accident.

## **Count III – Fellow Employee Exclusion**

33.

Progressive incorporates by reference the allegations contained in Paragraphs 1 through 32 as though set forth fully herein.

34.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

35.

The Policy explicitly excludes coverage for bodily injury to "a fellow employee of an insured injured while within the course of their employment or while performing duties related to the conduct of your business."

36.

At the time of the subject accident, Carlton Taylor was within the course of his employment with Jonathan Taylor's business and performing duties related to the conduct of Jonathan Taylor's business.

37

Accordingly, the plain and unambiguous terms of the Policy exclude coverage for any claims brought by Carlton Taylor arising from the Subject Accident.

38.

Progressive has no adequate remedy at law or otherwise, except by this Petition for Declaratory Judgment.

WHEREFORE, Petitioner prays:

(a) that process and summons issue to each of the Respondents herein and that they be served with process and a copy of this Petition for Declaratory Judgment as required by law;

(b) that this Court declare the rights and legal obligations of Petitioner and Respondents under the subject Policy;

(c) and for such other and further relief as this Court deems appropriate.

(Signature on following page)

Respectfully submitted, this 29th day of March, 2023.

                                                   LUEDER, LARKIN & HUNTER LLC

                                                   */s/ Samuel H. Sabulis*
                                                   SAMUEL H. SABULIS
                                                   Georgia Bar No. 339532
                                                   *Attorneys for Progressive Mountain Insurance Company*

3535 Piedmont Road, N.E.
Building 14, Suite 205
Atlanta, Georgia 30305
T: (678) 359-6028
F: (678) 359-6028
ssabulis@luederlaw.com